YOUNG *v.* RONDOUT & K. GAS-LIGHT CO. *et al.*

*(Supreme Court, General Term, Third Department,* July 11, 1891.).

CORPORATIONS—CONSOLIDATION—INJUNCTION PENDENTE LITE.

In an action by a stockholder to restrain the corporation from consolidating with another corporation, brought on the ground that the proposed consolidation is unlawful, and that defendant's property will be confused with other property, causing loss and confusion, an injunction *pendente lite* will be granted.

Appeal from special term, Ulster county.

Action by Edwin Young, as executor of the last will and testament of Thomas Cornell, deceased, against the Rondout & Kingston Gas-Light Company and Frank P. Slade.   From an order continuing, during the pendency of this action, a temporary injunction restraining defendants from consolidating the Rondout & Kingston Gas-Light Company with the Kingston Electric Light, Heat & Power Company, and from merging said corporations into a new corporation, to be known as the "Kingston Light, Heat & Power Company," and from any and all acts whereby the stock of the gas-light company would be merged, canceled, annulled, or destroyed, defendants appeal.

Argued before LEARNED, P. J. and LANDON and MAYHAM, JJ.

*Putney & Bishop,* (*J. L. Bishop,* of counsel,) for appellants.   *Linson & Van Buren,* (*John J. Linson,* of counsel,) for respondent.

LEARNED, P. J.   The plaintiff is the holder of a large amount of stock in the Rondout & Kingston Gas-Light Company, defendant.   The complaint charges that the board of directors of that company have entered into a contract with the board of directors of the Kingston Electric Light, Heat & Power Company for a consolidation of the two companies, which they propose to carry into effect; that over two-thirds of the stock of the defendants' company are held by persons largely interested in the Kingston Electric Light, Heat & Power Company aforesaid; that until recently the two companies have been to some extent competitors in business, but that said two-thirds of stock have been acquired by the persons so interested as aforesaid for the pur-

pose of effecting said consolidation. The complaint alleges that the proposed consolidation is without authority of law, and that, if carried out, the property of the defendants' company would be mixed and confused with other property, causing confusion and loss. No answer has been put in. On the complaint, and on an affidavit of the plaintiff, and affidavits of the treasurer of the defendants' company, and of the president of the Kingston Electric Light, Heat & Power Company, and after a hearing of both parties, an injunction *pendente lite* was granted by the special term restraining the consolidation until further order. From this injunction order the defendants appeal. It is very evident that, if a consolidation should take place pending this action, the final judgment, should the plaintiff succeed, would be ineffectual. It would be hardly possible to restore the plaintiff to his rights, assuming that the consolidation is not lawful, if it should once take place. On the other hand, the defendants will only be delayed as to the time of effecting this consolidation, should it prove on the trial of the cause that the defendants' corporation was entitled to consolidate, as it claims. The question is one of some importance. The plaintiff is in the rightful possession of his stock in the defendants' corporation. The defendants claim the right to make the plaintiff a stockholder in a different corporation, with other powers and rights, under the name of the Kingston Electric Light, Heat & Power Company. The question now before us is whether, until the rights of the plaintiff and defendants can be heard upon a trial of this cause, it is just that the defendants should be restrained from taking away the plaintiff's property, and compelling him to take other property therefor. It may, however, be said that this is a case under section 603, and that it is only where it appears from the complaint that the plaintiff is entitled to a final judgment restraining the defendants that an injunction *pendente lite* restraining the same acts can be granted. It may be said, therefore, that, unless we decide that the plaintiff will be entitled to a final judgment, we cannot properly affirm the order. While, however, as we are at present advised, it seems to us that the plaintiff will be entitled to a final judgment, we think it best to make no decision, and to announce no fixed opinion, on that subject. We therefore do not discuss that matter, and leave it open, so far as we are concerned, for such opinion as the evidence and the arguments after the trial shall produce on the minds of the court. We deem it better to say that enough appears in the case to justify the court in preventing the consolidation until the trial and final decision. Facts may be shown on the trial tending to prove that no injury will be done the plaintiff, or that full compensation can be made to him, if (as defendant argues) this consolidation is somewhat in the nature of taking property by the right of eminent domain. Order affirmed, with $10 costs and printing disbursements. All concur.